UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ANDREW BACK,

    Plaintiff,

        v.                                 CAUSE NO. 3:19-CV-947-RLM-MGG

GTL,

    Defendant.

OPINION AND ORDER

Andrew Back, a prisoner without a lawyer, filed a complaint alleging that defendant GTL's contract with the Indiana Department of Correction violates antitrust law. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Back alleges as follows: GTL has an exclusive contract with the Department of Correction to provide prisoners with tablets that can support music, video games, and movies, among other functions. Prisoners aren't allowed to have any competing video game platforms, such as PlayStation or Xbox. ECF 2 at 2. GTL charges prisoners $8.00 per day to watch movies, $6.00 per month to play video games, and $22.16 per month to stream music. *Id*. Mr. Back says the selection of

movies and video games is "pathetic," and the prices are "far more than the general public is charged." Id.

Mr. Back alleges that GTL has violated the Sherman Act, 15 U.S.C. § 2, because its agreement with the Department of Correction prevents prisoners from using other video game systems, and so creates a monopoly for GTL. The Sherman Act prohibits only "individual and not state action," Parker v. Brown, 317 U.S. 341, 352 (1943), and this state antitrust immunity extends to private parties acting pursuant to state policy. S. Motor Carriers Rate Conf., Inc. v. United States, 471 U.S. 48, 56 (1985).

In other words, a private company can't be sued under the Sherman Act for a "monopoly" that is explicitly arranged by the state.[1] *See, e.g.,* Byrd v. Goord, No. 00 CIV. 2135 (GBD), 2005 WL 2086321, at *5 (S.D.N.Y. Aug. 29, 2005) (finding no Sherman Act liability for a telephone provider from its exclusive contract with a state's prisons); McGuire v. Ameritech Servs., Inc., 253 F. Supp. 2d 988, 1010 (S.D. Ohio 2003) (same); *see also* Arsberry v. Illinois, 244 F.3d 558, 566 (7th Cir. 2001) ("States and other public agencies do not violate the antitrust laws by charging fees or taxes that exploit the monopoly of force that is the definition of government. . . .

---

[1] This immunity attaches only if the challenged restraint is "clearly articulated and affirmatively expressed as state policy" and "actively supervised" by the state. California Retail Liquor Dealers Ass'n v. Midcal Aluminum, Inc., 445 U.S. 97, 105 (1980) (quoting City of Lafayette v. Louisiana Power & Light Co., 435 U.S. 389, 410 (1978)). The alleged contract between GTL and the IDOC satisfies that requirement. McGuire, v. Ameritech Servs., Inc., 253 F. Supp. 2d 988, 1007 (S.D. Ohio 2003) (holding that this kind of arrangement "*is* the clear and articulated policy of [the state] . . . It is the State, acting through the [state agency], that solicited, implemented, and maintains" the contracted services).

Nor do the persons with whom the states contract violate the antitrust laws by becoming state concessionaires.").

Mr. Back next alleges that GTL has violated the Robinson-Patman Act by charging inflated prices for digital media. The Robinson-Patman Act prohibits a seller from charging different prices to different purchasers of like "commodities[2]," if it threatens to injure market competition. 15 U.S.C. § 13(a); *Department of Correction v. Volvo Trucks N. Am.*, 869 F.3d 598, 603 (7th Cir. 2017).

Mr. Back alleges that GTL is charging "far more money than the general public is charged" and "far more than similar, and far superior products, are charging." But there is no allegation that GTL itself is selling the same product to others for less. That other companies may offer similar products for less doesn't create a Robinson-Patman Act claim against GTL. *See* 2 Callmann on Unfair Comp., Tr. & Mono. § 7:25 (4th Ed.) (for a Robinson-Patman price discrimination claim, the commodity must be sold at different prices by the same seller).

Courts ordinarily give a *pro se* litigant a chance to replead before dismissing the case with prejudice, Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-1025 (7th Cir. 2013), but the court isn't required to grant leave to amend where it would be futile. Humid v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny

---

[2] It is unclear whether the streaming media offered by GTL are "commodities" covered by the statute. *See* Innomed Labs, LLC v. ALZA Corp., 368 F.3d 148, 156 (2d Cir. 2004) (the term "commodity" is strictly construed to exclude "intangible" products or services).

4

leave to amend where . . . the amendment would be futile."). It doesn't appear that Mr. Back's allegations could support a cognizable claim.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A, for failure to state a plausible claim for relief.

SO ORDERED on April 29, 2021

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT
